**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOHN WALTER WORTHINGTON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF GARNETT, KANSAS,**<br>**RAY NAYLOR, KURT KING,**<br>**MAA KRUPA GARNETT**<br>**INVESTMENT LLC**<br>**d/b/a ECONOMY INN,**<br>**ANDERSON COUNTY, KANSAS,**<br>**MAX SKELTON, WES MCCLAIN,**<br>**VERNON VALENTINE,**<br>**JANEK PATEL, RADHIKA I. BHAKTA,**<br>**and JOSEPH CLYDE ALBERT.**<br><br>**Defendants.** | **Case No. 25-4088-JMK-GEB** |

**MEMORANDUM AND ORDER**

Plaintiff filed his Complaint (ECF No. 1) along with a Motion to Proceed Without Prepayment of Fees (ECF No. 3, *sealed*). Since his initial filing, Plaintiff has amended his complaint three times. Plaintiff's (Third Amended) Complaint (ECF No. 24) is therefore the operative complaint. For the reasons set forth herein, the Court **GRANTS** Plaintiff's Motion to Proceed Without Prepayment of Fees **(ECF No. 3, *sealed*).**

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).

affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the fee, the Court commonly reviews the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3]

Both the Tenth Circuit Court of Appeals and this District have a liberal policy toward permitting proceedings *in forma pauperis*.[4] After careful review of Plaintiff's description of his financial resources (ECF No. 3, *sealed*), and comparison of Plaintiff's listed monthly income to his listed monthly expenses, the Court finds he is financially unable to pay the filing fee. Further, having reviewed Plaintiff's (Third Amended) Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court does not find grounds to recommend dismissal of the case in its entirety at this time. The Court will, however, recommend dismissal of Plaintiff's Count numbers 3 (Malicious Prosecution pursuant to 42 U.S.C. § 1983), 4 (State Created Danger), 8 (Equal Protection pursuant to 42 U.S.C. § 1983), 9 (Denial of Access to Courts and Material Impairment of Non-Frivolous Civil Claims pursuant to 42 U.S.C. § 1983), 15 (ADA Title III – Public Accommodation), 17 (Negligence/Premises Liability/Negligent Security/Failure to Take Reasonable Lodging Safety Measures), and § 1983 claims against

---

[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

[4] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).

individual defendants in their official capacities in Count numbers 1, 2, 4, 5, 8, 11 and 14 for failure to state a claim. This determination regarding initial screening does not constitute any finding on the merits of Plaintiff's claims, and Defendants retain all rights to challenge the sufficiency of the (Third Amended) Complaint through appropriate motion practice.

Accordingly, **IT IS THEREFORE ORDERED** Plaintiff's Motion to Proceed Without Prepayment of Fees **(ECF No. 3)** is **GRANTED.**

**IT IS FURTHER ORDERED** Plaintiff's Count numbers 1 – Equal Protection pursuant to 42 U.S.C. § 1983 (individual capacities only), 2 – First Amendment Retaliation pursuant to 42 U.S.C. § 1983 (individual capacities only), 5 – Supervisory Liability, Failure to Correct, Ratification pursuant to 42 U.S.C. § 1983 (individual capacity only), 6 - Monell Liability, Policy, Custom, Ratification, and Failure to Train or Supervise pursuant to 42 U.S.C. § 1983, 7- Excessive Force – Fourth Amendment pursuant to 42 U.S.C. § 1983, 7A – Unlawful Seizure/False Imprisonment – Fourth Amendment pursuant to 42 U.S.C. § 1983, 10 - Monell Liability, Policy, Custom, Final Policy-Maker Liability, Ratification, Failure to Train, Failure to Supervise, and Failure to Preserve Material Evidence pursuant 42 U.S.C. § 1983, 11 - Supervisory Liability, Failure to Correct Ratification pursuant to 42 U.S.C. § 1983 (individual capacity only), 11A – Supervisory Liability, Failure to Train, Failure to Supervise, Failure to Correct, Ratification pursuant to 42 U.S.C. § 1983, 11B – Fourth Amendment Unlawful Warrantless Entry, Nonconsensual Property Intrusion pursuant to 42 U.S.C. § 1983, 12 - ADA Title II – Failure to Accommodate, Denial of Meaningful Access pursuant to 42 U.S.C. § 1983, 13 - Rehabilitation Act § 504 pursuant

to 29 U.S.C. § 794, 14 – ADA Title II and Rehabilitation Act (against Anderson County only), 16 - Premises Liability, Negligent Security, Innkeeper Duty, Failure To Eject, Negligent Undertaking, and 18 – Civil Assault, Civil Battery shall proceed as pled.

**IT IS FURTHER ORDERED** although Plaintiff proceeds *in forma pauperis*, the clerk of the court is directed to **stay service of process** pending the Court's review of the forthcoming Report and Recommendation of dismissal of Plaintiff's Count number 3, 4, 8, 9, 15, 17, and § 1983 claims against individual defendants in their official capacities in Count numbers 1, 2, 4, 5, 8, 11 and 14.

**IT IS SO ORDERED**.

Dated this 2nd day of September 2026, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge